**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURPREET SINGH, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-70142 <br><br> Agency No. A205-935-296 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Gurpreet Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying Singh's motion to

reconsider his claims for asylum, withholding of removal, and relief under the

Convention Against Torture.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the agency's denial of a motion for reconsideration. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the well-founded fear contentions that Singh failed to raise before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Singh's motion to reconsider his claims because he failed to identify a legal or factual error in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must identify errors of fact or law in a prior decision); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**